930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Petra PAGADUAN, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7014.
 United States Court of Appeals, Federal Circuit.
 March 13, 1991.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petra Pagaduan (Pagaduan) appeals from the October 5, 1990 Order of the United States Court of Veterans Appeals (CVA), in Appeal No. 90-234. We affirm.
 
 OPINION
 
 2
 The CVA dismissed Pagaduan's appeal for lack of jurisdiction, citing Pagaduan's failure to exhaust her administrative remedies. The record indicates that prior to noticing her appeal to the CVA, Pagaduan failed to file an appeal with the Board of Veterans' Appeals (Board) following receipt from the Veterans Administration (VA) of its December 8, 1989 Statement of the Case.[1] Although Pagaduan claims to have "exhausted ... every administrative recourse" to establish her claim for death compensation (see Informal Brief of Petitioner, response to question 4), she appears to concede otherwise in her March 29, 1990 Notice of Appeal to the CVA. There Pagaduan states that "it is futile to file an appeal before the Board of Veterans Appeals ... since [its] decisions are almost allways [sic] reaffirmations of disallowance[s] issued by the originating Regional Offices."
 
 
 3
 The Board's jurisdiction is set forth at 38 USC 4004(a) (1988) (emphasis ours):
 
 
 4
 All questions in a matter under which section 211(a) of this title is subject to decision by the Administrator shall be subject to one review on appeal to the Administrator. Final decisions on such appeals shall be made by the Board....
 
 
 5
 The jurisdiction of the CVA is set forth at 38 USC 4052(a) (1988) (emphases ours):
 
 
 6
 The Court of Veterans Appeals shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.... The court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.
 
 
 7
 These statutory provisions make plain that the Board is to have final review of VA decisions from which appeal is taken, and that issuance of the Board's decision is a prerequisite for CVA jurisdiction. We see no error in the CVA's determination that absent Pagaduan's taking of an appeal to the Board, the CVA was without jurisdiction to consider the merits of her claim. We accordingly affirm the CVA's dismissal of the appeal.
 
 COSTS
 
 8
 No costs.
 
 
 
 [1]
 Pagaduan has not alleged that she was not given notice of her right to appeal to the Board. Moreover, the title page of the Statement of the Case indicates that an appeal form was enclosed therewith, explaining what had to be done in order to complete an appeal